IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 02-58 |
| | ) |
| MELVIN HALL | ) |

### MEMORANDUM AND ORDER OF COURT

DIAMOND, D.J.

Presently before the court is a <u>pro se</u> motion filed by Melvin Hall ("defendant") requesting that he be provided free of charge, and at the government's expense, a true and correct copy of his sentencing hearing transcript pursuant to 28 U.S.C. §753(f) (Document No. 18). For the following reasons, defendant's motion will be denied.

On March 20, 2002, defendant appeared before this member of the court, waived his right to prosecution by indictment and pled guilty, pursuant to a written plea agreement, to a two-count information charging him with possession with intent to distribute 5 grams or more of crack cocaine (Count One) and possession of a firearm by a convicted felon (Count Two). On June 5, 2002, defendant was sentenced to a term of imprisonment of 140 months, consisting of 140 months at Count One and 120 months at Count Two, to be served concurrently. Defendant did not file a direct appeal of his conviction or sentence.

AO 72
(Rev. 8/82)

Four years later, defendant has filed the pending pro se motion for a free copy of the transcript of his sentencing hearing pursuant to 28 U.S.C. §753(f), which provides in pertinent part:

> "Fees for transcripts furnished in criminal proceedings to persons proceeding under [18 U.S.C §3006A], or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."

28 U.S.C. §753(f).

Here, there is no proceeding of any kind pending before this or any other court. Defendant's criminal case was closed in 2002, he never filed a direct appeal and he never filed either a habeas corpus petition under 28 U.S.C. §2241 or a petition to vacate sentence under 28 U.S.C. §2255.[1]

---

[1] The court notes that the one-year period of limitations for filing petitions under either §2241 or §2255 long since has passed. See 28 U.S.C. §§2244(d)(1) and 2255. Moreover, the court also notes that, pursuant to statute, even a petitioner who properly files a §2255 petition is not automatically entitled to a free transcript, but must first obtain certification that the suit is not frivolous and that the transcript is necessary to decide the issue raised. Here, defendant's motion suggests that he is contemplating challenging the legality of his guilty plea, an argument that appears frivolous on its face and for which a transcript of his sentencing hearing clearly would be unnecessary.

2

Thus, there simply is no basis upon which this court could order the furnishing of a transcript to defendant free of charge pursuant to §753(f) where defendant is not even properly before the court in an authorized proceeding. Accordingly, defendant's motion will be denied.

An appropriate order will follow.

<u>ORDER</u>

AND NOW, this 11th day of September, 2006, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's motion requesting a free transcript of his sentencing hearing (Document No. 18) be, and the same hereby is, **denied**.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Carolyn J. Bloch
    Assistant U.S. Attorney

    W. Penn Hackney
    Assistant Fed.Pub. Defender

    Melvin Hall

AO 72
(Rev. 8/82)